IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Judith A. Anderson,	Case No. 3:07CV3870

    Plaintiff

v.	ORDER

Automobile Club Ins. Agency
    of Toledo, Inc.,

    Defendant

This is a suit by Judith Anderson, a former at-will sales representative of the defendant Automobile Club Insurance Agency of Toledo, Inc. Plaintiff claims that the defendant: 1) violated the equal pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(d) [FLSA]; 2) discriminated against her on the basis of gender and age; 3) breached her employment contract; and 4) defamed her.

Pending is defendant's motion for summary judgment. [Doc. 30]. For the reasons that follow – which principally relate to the fact that, aside from her own speculations, views and beliefs, plaintiff has offered no evidence to support her claims – defendant's motion will be granted.

**Background**

Plaintiff began selling automobile and homeowners insurance for defendant in 1998. Except for a brief period when she worked on her own, she was with defendant until May 4, 2007, when her supervisor, Frank DiGennaro, fired her.

The day before DiGennaro fired plaintiff, he conducted a meeting with the agency's agents. He told them that "the information in this room was not to leave this room." Among other issues discussed was agents taking commissions from one another.[1]

Plaintiff proposed that they all agree to a "Gentlemen's Agreement" not to engage in that activity. Everyone agreed with this proposal.

After the meeting, plaintiff did not, contrary to DiGennaro's instructions, keep that decision to herself. Instead, she told a couple of co-workers – customer service representatives who had not attended the meeting – that that was the way things were going to be. On learning that plaintiff had disclosed this information, DiGennaro decided to fire her for insubordination.

After firing plaintiff, the agency replaced her with an older woman.

Plaintiff's belief and concern that other agents were taking credit for commissions that properly were plaintiff's underlies her FLSA claim and, to some extent, her claim of gender discrimination.

Plaintiff's breach of contract claim arises as a result of changes that defendant instituted in 2006 in its agent compensation arrangements. Prior to then, agents received a salary and commissions. After then, agents could draw against future commissions, but they had to generate their entire earnings *via* commissions. Plaintiff claims that this change violated her employment contract.

---

[1] According to plaintiff, other agents would take credit for insurance purchased or renewed following their contact by customers whom plaintiff had developed. This might occur, for example, where one of plaintiff's customers called the agency and spoke with an agent other than plaintiff. If during that call a sale or policy renewal was consummated, the other agent, plaintiff claims, would arrange to be credited with the commission. The gravamen of plaintiff's suit is, to a large extent, that this practice occurred, the company tolerated and did not correct it and, as a result, male agents made more money doing less work than plaintiff.

Plaintiff's defamation claim is based on the fact that DiGennaro stated that she had been insubordinate, and cited that as a basis under company policy for firing her.

Defendant has submitted affidavits in which, *inter alia*, DiGennaro states that he reviewed the sales and compensation records for the pertinent periods, and found nothing to support plaintiff's claim that the defendant credited commissions that plaintiff had deserved to Ed Marentette, another agent.

Plaintiff's response to this evidence is, in essence, simply to declare that she knows what she knows, even though she has – and has produced – no documentation in support of her contention.[2]

Plaintiff acknowledges, however, that she told the coworkers about the Gentlemen's Agreement after the closed-door meeting with DiGennaro and the other agents. She thus admits the acts that DiGennaro deemed insubordinate, and were the basis on which he fired her.

## Discussion

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides that "when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on

---

[2] If documentation supportive of plaintiff's claim exists, it would be both readily available and persuasive. Plaintiff claims defendant treated her differently with regard to compensation – primarily by letting male sales representatives get paid for work she did. It appears likely that lining up customers, sales, commissions and recipients of those commissions would be fairly *pro forma*. This is not the commonplace "she said/he said" situation. It is, rather, one in which the proof, if extant, would probably be at hand.

Plaintiff relies heavily on the deposition testimony of a fellow agent, Michele A. Price. [Doc. 31-2]. Price's testimony does not, however, support plaintiff's contention that defendant intentionally gave male agents commissions that should have been paid to female agents. Price testified that there were times when other employees, including Marentette, received credit for policies she quoted. When she brought these mistakes to management's attention, they were promptly fixed. She testified that these incidents were not intentional and she was unaware of any agent ever purposefully taking another agent's quote.

allegations or denials in its own pleading; rather its response must – by affidavits or otherwise provided in this rule – set out specific facts showing a genuine issue for trial."

This means that:

> if the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial, the moving party may meet its initial burden by showing "that there is an absence of evidence to support the nonmoving party's case." When the moving party has carried forward this burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." The non-moving party may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.

*White v. Baxter Healthcare Corp.*, 533 F.3d 381, 389-90 (6th Cir. 2008).

Plaintiff's opposition fails to comply with this requirement. Instead of evidence to refute the facts defendant's affiants assert in their affidavits, plaintiff offers primarily only her own say-so, principally as she expressed it during her deposition.

Little further elaboration is needed. Defendant has offered evidence that it treated plaintiff and her male colleagues equally. To be sure, earnings varied: but that is the nature of a commission-based compensation system.[3]

The same insufficiently rebutted evidence that defeats plaintiff's FLSA/equal pay claim also undoes her claim that the putative, but unprovable disparity in earnings constituted gender discrimination.

---

[3] As defendant points out, earnings generated by a male colleague who sold life insurance are not relevant. Plaintiff sold auto and homeowners insurance; a colleague who sold a different product line is not a comparable for equal pay or gender discrimination purposes. *See, e.g., Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992).

To the extent that plaintiff contends that DiGennaro fired her due to her gender, or, as she alleges for the first time in her opposition brief, the defendant gave him, rather than her, the supervisory position, her contentions also fail.

Plaintiff cannot make out a *prima facie* case that discrimination played a role in her termination: the agency replaced her with a woman. As to any claim as to the promotion, raising that claim for the first time in an opposition brief is too late. *See, e.g.*, *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005).

Plaintiff's age discrimination claim likewise fails: her replacement was five years older than she.

With regard to her breach of contract claim, plaintiff overlooks – indeed, ignores entirely – her status as an at-will employee. As the Ohio Supreme Court has stated: if an employer changes the terms of an employee's work agreement, "the employee's remedy, if dissatisfied, is to quit." *Lake Land Employment Group of Akron v. Columber*, 101 Ohio St. 3d 242, 247 (2004).

Plaintiff likewise has not presented a triable case of defamation. The gravamen of her claim is that DiGennaro stated to others that he had fired the plaintiff for insubordination. Assuming he did so, he is not liable. Expression of the reasons for an employee's termination come within a qualified privilege for statements regarding an employee's activities relating to her employment. *See Evely v. Carlon Co.*, 4 Ohio St. 3d 163, 165 (1983); *Rinehart v. Maiorano*, 76 Ohio App. 3d 413, 420 (1991).

To overcome the privilege, plaintiff has to produce clear and convincing evidence of actual malice on DiGennaro's part. *Jacobs v. Frank*, 60 Ohio St. 3d 111 (1991) (Syllabus, ¶ 2). Plaintiff has submitted no evidence of malice on his part.

**Conclusion**

Defendant supports its motion for summary judgment with evidence that it did not treat the plaintiff unequally. Plaintiff has presented none of the evidence which Rule 56 requires to rebut the defendant's evidence. Defendant is, accordingly, entitled to prevail on its summary judgment motion.

It is, therefore, hereby

ORDERED THAT defendant's motion for summary judgment [Doc. 30] be, and the same hereby is granted.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge